FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BRANDY K. ,[1]

          Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

          Defendant.

No.   4: 25-cv-05130-EFS

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR FURTHER PROCEEDINGS**

Due to blindness in her right eye, migraine headaches, mood disorder, generalized anxiety disorder, attention deficit hyperactivity disorder (ADHD), and post-traumatic stress disorder (PTSD), Plaintiff Brandy K. claims that she is unable to work fulltime and applied for supplemental security income benefits. She appeals the denial of

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

DISPOSITIVE ORDER - 1

benefits by the Administrative Law Judge (ALJ) on the grounds that the ALJ improperly assessed Plaintiff's credibility and the medical evidence as to migraine headaches, and the ALJ improperly analyzed the opinions of the evaluating medical source and the treating source. As is explained below, the ALJ erred. This matter is remanded for further proceedings.

## I.    Background

In October 2019, Plaintiff filed an application for benefits under Title 16, claiming disability beginning October 23, 2019, based on the physical and mental impairments noted above.[2]

After the agency denied Plaintiff benefits, ALJ Shumway held a telephone hearing in January 2022 at which Plaintiff appeared with her representative.[3] Plaintiff and a vocational expert testified.[4] In March 2022, the ALJ issued a decision denying benefits.[5] Plaintiff filed

---

[2] AR 203.

[3] AR 33-54.

[4] *Id.*

[5] AR 24-47, 843-863.

DISPOSITIVE ORDER - 2

a timely appeal and the Appeals Council issued a decision denying review.[6] Plaintiff appealed to this Court, and this Court issued a decision setting aside the ALJ's denial and remanded the case back to the Commissioner for further proceedings.[7] In March 2024, the Appeals Council remanded the case back to the ALJ, in accordance with this Court's prior Order.[8]

In August 2024, Plaintiff appeared with her attorney for a second hearing before ALJ Shumway.[9] Testimony was given by Plaintiff, a medical expert, and a vocational expert.[10] In September 2024, the ALJ issued a second decision denying benefits.[11] The ALJ found Plaintiff's alleged symptoms were not entirely consistent with the medical

---

[6] AR 1-6, 864-869.

[7] AR 870-891, 892.

[8] AR 893-896.

[9] AR 801-842.

[10] *Id.*

[11] AR 771-800.  Per 20 C.F.R. §§ 404.1520(a)–(g), a five-step evaluation determines whether a claimant is disabled.

DISPOSITIVE ORDER - 3

evidence and the other evidence.[12] As to medical opinions, the ALJ found:

- The opinions of medical expert Ronald Koenig, MD, to be persuasive.

- The opinion of Sarah Mun, MD, that Plaintiff's prognosis would be "good" if she received the right treatment to be persuasive, but the rest of her opinions to be less persuasive.

- The opinions of treating source, Stephanie Wheeler, MD, to be partially persuasive.

- The opinions of state agency evaluators Merry Alto, MD, and Cecelia Fry, MD, to be partially persuasive.

- The August 2021 opinions of Laurie Zimmerman, MD, to be not persuasive.

- The December 2022 and May 2023 opinions of David T. Morgan, PhD, to be not probative and unpersuasive.

- The opinions of state agency evaluator John Gilbert, PhD, to be not persuasive.

---

[12] AR 782-788.

DISPOSITIVE ORDER - 4

- The opinions of state agency evaluator Rita Flanagan, PhD, to be persuasive.[13]

As to the sequential disability analysis, the ALJ found:

- Step one: Plaintiff had not engaged in substantial gainful activity since October 23, 2019, the application date.

- Step two: Plaintiff had the following medically determinable severe impairments: migraine headaches, right eye blindness, mood disorder, generalized anxiety disorder, ADHD, and PTSD.  The ALJ also found that trigger thumb, cataracts, nystagmus, esotropia of the right eye, and obesity were non-severe.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to perform a full range of work at all exertional levels with the following exceptions:

  she can cannot climb ladders, ropes, and scaffolds; she cannot tolerate more than a moderate noise

---

[13] AR 789-791.

DISPOSITIVE ORDER - 5

environment; she can have no exposure to pulmonary irritants; if exposed to bright lights, she needs the option to wear eye protection (e.g., sunglasses, visor) if exposed to bright lights, and she needs the option to wear blue-light filtering glasses if working on a computer; she cannot perform tasks requiring precise depth perception (e.g., commercial driving, threading a needle, butchering meat); she is limited to simple, routine tasks; she can have occasional contact with the public and superficial contact with coworkers, with no collaborative tasks; and she needs a routine, predictable work environment with no more than occasional changes.

- Step four: Past relevant work did not need to be addressed.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a stable attendant (DOT 410.674-022), kitchen helper (DOT 318.687-010), and housekeeping cleaner (DOT 323.687-014).[14]

Plaintiff filed a timely Notice of Exceptions and on July 28, 2025, the Appeals Council declined to consider Plaintiff's Exceptions to Final

---

[14] AR 775-793.

DISPOSITIVE ORDER - 6

Decision.[15] Plaintiff timely requested review of the ALJ's decision and Appeals Council denial by this Court.[16]

## II.    Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error,"[17] and such error impacted the nondisability determination.[18] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such

---

[15] AR 765-770.

[16] ECF No. 1.

[17] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[18] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

DISPOSITIVE ORDER - 7

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19]

## III.   Analysis

Plaintiff seeks relief from the denial of disability on two grounds. She argues the ALJ erred at step two, when evaluating Plaintiff's subjective complaints and the medical evidence regarding her migraine headaches, and when evaluating the medical opinions of Dr. Wheeler and Dr. Morgan.  The Commissioner argues there was no error because the ALJ properly evaluated Plaintiff's subjective complaints and considered that Plaintiff only sought conservative treatment and the

---

[19] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

medical record and Plaintiff's daily activities were not consistent with her allegations, and the ALJ properly evaluated the opinion evidence. The Court disagrees with the Commissioner. As is explained below, the ALJ's analysis contains consequential errors as to his analysis of Dr. Morgan's opinions.

## A.   Medical Opinions: Plaintiff establishes consequential error.

Plaintiff argues the ALJ failed to adequately articulate his reasoning as to the medical opinions of Dr. Wheeler and Dr. Morgan. The Commissioner argues the ALJ reasonably found that Dr. Wheeler's opinions were partially persuasive and Dr. Morgan's opinions were not persuasive. The Court disagrees, particularly as to the ALJ's treatment of Dr. Morgan's opinions, which the ALJ erroneously dismissed as non-probative.

### 1.   Standard

An ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings.[20] The ALJ

---

[20] 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b).

DISPOSITIVE ORDER - 9

need not however "give any specific evidentiary weight . . . to any medical opinion(s)."[21] A medical opinion is a statement from a medical source about what the claimant can still do despite her impairments and whether the claimant has one or more impairment-related limitations in the following abilities:

- performing physical demands of work activities

- performing mental demands of work activities (such as understanding, remembering, carrying out instructions, maintaining concentration, persistence, or pace, and responding appropriately to supervision, co-workers, or work pressures in a work setting)

- performing sensory demands of work

- adapting to environmental conditions.[22]

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include, but are not limited

---

[21] Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

[22] 20 C.F.R. §§ 404.1513(a), 416.913(a).

to, supportability, consistency, relationship with the claimant, and specialization.[23]

When evaluating the persuasiveness of each medical opinion, the regulations require the ALJ to *consider and explain* the supportability and consistency of each medical opinion:

> The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.[24]

---

[23] *Id.* §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). When assessing the medical source's relationship with the claimant, the ALJ is to consider the treatment length, frequency, purpose, and extent, and whether an examination was conducted. The ALJ may also consider whether the medical source has familiarity with the other record evidence or an understanding of the disability program's policies and evidentiary requirements. *Id.* §§ 404.1520(c)(5), 416.1520(c)(5).

[24] 20 C.F.R. § 416.920c(b)(2).

DISPOSITIVE ORDER - 11

The regulations define these two required factors as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.[25]

The ALJ may, but is not required to, explain how the other listed factors were considered.[26]

---

[25] *Id.* § 416.920c(c)(1)–(2).

[26] *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. *Id.* §§ 404.1520c(b)(3), 416.920c(b)(3).

DISPOSITIVE ORDER - 12

2.    The Medical Opinions of David Morgan, PhD

Dr. Morgan examined Plaintiff twice at the request of the Washington State Department of Social and Health Services.

a. *Dr. Morgan's December 2022 Examination and Report*

On December 22, 2022, Dr. Morgan examined Plaintiff.[27] Dr. Morgan provided a detailed report that included a psychosocial history; medical and mental health treatment history; educational and work history; (absence of) substance abuse and chemical dependency history; description of activities of daily living; clinical findings; diagnosis; medical source statement; mental status examination; and psychometric assessment results for a personality assessment inventory test administered to Plaintiff.[28] Dr. Morgan determined that Plaintiff suffers from PTSD.[29]

Dr. Morgan opined that Plaintiff would have a moderate impairment in the following activities: understand, remember, and

___

[27] AR 1152-1156.

[28] *Id.*

[29] AR 1153.

DISPOSITIVE ORDER - 13

persist in tasks by following detailed instructions; learn new tasks; perform routine tasks without special supervision; ask simple questions or request assistance; be aware of normal hazards and take appropriate precautions; and set realistic goals and plan independently.[30] Dr. Morgan opined that Plaintiff would have a marked impairment in the following activities: perform tasks within a schedule and maintain attendance; adapt to changes in a routine work setting; make simple work-related decisions; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms.[31] Dr. Morgan opined that the overall severity of Plaintiff's mental impairments was severe, that none of Plaintiff's limitations were due to substance use, that Plaintiff's impairments would last 12 months with appropriate

---

[30]AR 1154.

[31] *Id.*

DISPOSITIVE ORDER - 14

treatment, and that vocational training would not minimize or eliminate barriers to employment.[32]

### b. *Dr. Morgan's May 2023 Examination and Report*

On May 1, 2023, Dr. Morgan examined Plaintiff for a second time at the request of DSHS.[33] Dr. Morgan again provided a detailed report that included a psychosocial history; medical and mental health treatment history; educational and work history; (absence of) substance abuse and chemical dependency history; description of activities of daily living; clinical findings; diagnosis; medical source statement; mental status examination; and psychometric assessment results for a personality assessment inventory test administered to Plaintiff.[34]Dr. Morgan determined that Plaintiff suffers from PTSD.[35]

Dr. Morgan opined that Plaintiff would have a moderate impairment in the following activities: understand, remember, and

---

[32] *Id.*

[33] AR 1146-1150.

[34] *Id.*

[35] AR 1147.

persist in tasks by following detailed instructions; learn new tasks; perform routine tasks without special supervision; ask simple questions or request assistance; and be aware of normal hazards and take appropriate precautions.[36] Dr. Morgan opined that Plaintiff would have a marked impairment in the following activities: perform tasks within a schedule and maintain attendance; adapt to changes in a routine work setting; make simple work-related decisions; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; complete a normal workday and workweek without interruptions from psychologically based symptoms; and set realistic goals and plan independently.[37] Dr. Morgan opined that the overall severity of Plaintiff's mental impairments was severe, that none of Plaintiff's limitations were due to substance use, that Plaintiff's impairments would last 12 months with appropriate treatment, and

---

[36]AR 1147-1148.

[37] *Id.*

DISPOSITIVE ORDER - 16

that vocational training would not minimize or eliminate barriers to employment.[38]

### 3. The ALJ's Findings

The ALJ articulated the following reasoning as to his evaluation of Dr. Morgan's opinions:

> David T. Morgan, Ph.D., conducted a psychological evaluation of the claimant at the request of DSHS in December 2022 and May 2023 (25F). In both evaluations, Dr. Morgan diagnosed the claimant with PTSD and rated her as markedly limited in several categories of basic work activity. However, his opinions are not persuasive for a few reasons. First, his reports expressly disclaim usefulness for any purpose other than DSHS disability conclusions, and they state that use for any other purpose is inappropriate (25F/4, 9). Accordingly, I conclude that these evaluations are not probative evidence in this proceeding. I also find them unpersuasive because they are poorly supported and inconsistent with the longitudinal record. They are check-box forms with no explanation for the ratings, and they are based entirely on two telephone interviews involving only cursory mental status examinations with mostly normal findings. Dr. Morgan's conclusions are also inconsistent with the longitudinal record for essentially the same reasons given in my previous decision for rejecting psychological disability, and the USDC did not find fault in that decision's reasoning.[39]

---

[38] *Id.*

[39] AR 791.

DISPOSITIVE ORDER - 17

4.    Relevant Medical Records

On November 24, 2021, Plaintiff presented to Sherrie Virakpanyou, LICSW, and was noted to have adequate hygiene but loud and pressured speech, anxious mood, and elevated affect.[40]  Three weeks later, on December 16, 2021, Plaintiff presented to LICSW Virakpanyou, who noted the following:

> Patient is dressed appropriate to weather, with adequate attention to hygiene. Eye contact is appropriate. Speech is pressured and tone is appropriate-to-context. Patient is tangential and skips from topic to topic. Thought process is circumstantiality, tangentially, flight of ideas. Patient easily redirectable back to topic. Patient presents with an elevated, anxious and depressed affect, with a congruent mood. Behavior during encounter was restless, engaged, cooperative, during the encounter.[41]

LICSW Virakpanyou also noted that concentration was poor and that interpersonal relationships, ability to cope, and intrusive thoughts had worsened.[42]

---

[40] AR 732.

[41] AR 725.

[42] AR 724-725.

DISPOSITIVE ORDER - 18

At a December 28, 2021 appointment, Plaintiff was similarly noted to have rapid and pressured speech, a tangential and disorganized thought process, an elevated affect, and a depressed and anxious mood.[43] Throughout the first half of 2022, Plaintiff had similar findings when she presented to LICSW Virakpanyou.[44]

When seen in July 2022, by LICSW Virakpanyou, Plaintiff had poor concentration, a loose and derailed thought process, and was not easily redirectable.[45] When Plaintiff presented to LICSW Virakpanyou in August 2022, she had poor concentration, pressured loud speech, and an abnormal thought process.[46]

At an appointment in October 2022, Plaintiff was noted to have fair concentration, rapid and pressured speech, a tangential and disorganized thought process, an elevated affect, and a depressed and

---

[43] AR 709.

[44] AR 1603, 1621, 1626, 1635, 1643, 1651, 1681.

[45] AR 1587.

[46] AR 1578.

DISPOSITIVE ORDER - 19

anxious mood.[47] At an appointment later that month, Plaintiff had similar findings.[48]

In January 2023, Plaintiff presented to LICSW Virakpanyou, with an agitated affect, pressured speech, circumstantial thought process, and an anxious and depressed mood.[49] The next month Plaintiff presented to LICSW Virakpanyou, and was noted to have rapid and pressured speech, a rigid and perseverating thought process, labile affect, and a depressed and anxious mood.[50]

A year later, Plaintiff presented to LICSW Virakpanyou for therapy, complaining of anxiety and stress.[51] On examination, speech was pressured, mood was anxious, affect was elevated, and thought process was circumstantial.[52] At an April 2024 appointment similar

---

[47] AR 1533.

[48] AR 1521.

[49] AR 1459.

[50] AR 1448.

[51] AR 1189.

[52] AR 1195.

results were noted.[53] In May 2024, Plaintiff presented to LICSW for therapy, complaining of anxiety and stress.[54] On examination, speech was pressured, mood was anxious, affect was elevated, and thought process was circumstantial.[55] Plaintiff complained of intrusive thoughts and visual hallucinations.[56]

In July 2024, Plaintiff presented to Dr. Alfaraj for ADHD, GAD, PTSD, and insomnia.[57] Plaintiff reported feeling like a "zombie" and complaining of anger.[58] Dr. Alfaraj notes that an increase in Buspar dosage to treat anxiety was recommended.[59]

---

[53] AR 1205.

[54] AR 1177.

[55] Id.

[56] AR 1177-1178.

[57] AR 1157.

[58] AR 1161.

[59] AR 1162.

DISPOSITIVE ORDER - 21

5.     Analysis

Initially, the Court finds that the reason given by the ALJ to find that Dr. Morgan's opinions are not probative is erroneous.  The ALJ cites to a disclaimer on the forms which states:

> The sole purpose of this evaluation is to assess the ability of claimant to engage in gainful employment based on DSHS criteria for disability(ies) pertaining to eligibility for ABD/HEN or TANF/WorkFirst programs ONLY. Use of this evaluation for any other purpose, including parenting, custody, divorce, civil or criminal forensic matters is contrary to the intent of the evaluation and deemed inappropriate.[60]

The ALJ fails to consider that the cited language states on its face that the opinions are intended to assess the ability of the patient to engage in "gainful employment," which is the exact purpose for which they are offered in the present setting.  Moreover, the ALJ fails to consider that DSHS, the agency requesting the opinions, is the same agency which makes disability determinations for the Social Security Administration at the initial and reconsideration levels and that the criteria used in its programs is identical to those of the SSA. For those

---

[60] AR 1149, 1154.

DISPOSITIVE ORDER - 22

reasons, the Court concludes that the ALJ's determination that the opinions have no probative value is error.

Additionally, the Court notes that in the one paragraph analysis, the ALJ also fails to adequately consider the supportability factor and fails to consider the consistency factor in any manner. The regulations are clear that the ALJ is required to consider and articulate her reasoning both as to the supportability factor *and* the consistency factor.[61] The regulations are clear that a proper and thorough analysis of one of the two factors is not enough to overcome the failure to address the second.

Here, as was noted, there is a consistency between the medical opinions and the treatment notes of Plaintiff's treating provider throughout the relevant period. As noted above, Plaintiff regularly presented with poor concentration, disorganized thought process,

---

[61] 20 C.F.R. § 416.920c(b)(2); *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

DISPOSITIVE ORDER - 23

intermittent visual hallucinations, and pressured speech.[62] Without citing to single record or treatment note, the ALJ simply made a conclusory statement that the opinions were "inconsistent with the longitudinal record."[63]

The remaining reasons the ALJ articulated as to the supportability factor are also flawed. The fact that the opinion source only examined Plaintiff on one occasion is certainly a factor that the ALJ can consider in evaluating the persuasiveness of the opinion again other medical source opinions.[64] But the regulations in no way provide that a medical source opinion can be discounted simply for that reason. The fact that the examiners only saw Plaintiff once was not enough on its own to constitute a "good reason" to discount them. Moreover, the ALJ failed to consider that Dr. Morgan examined Plaintiff not once, but

---

[62] AR 1157, 1177, 1178, 1195, 1189, 1205, 1448, 1459, 1521, 1578, 1587, 1603, 1621, 1635, 1643, 1651.

[63] AR 791.

[64] 20 C.F.R. § 416.920c(b)(2).

twice and was able to see changes in her functioning over a span of two years.

The ALJ's reasoning that the persuasiveness of the opinions was reduced because they were rendered on a check-box form, also fails to provide a basis to have discounted the opinions.  The forms in question contain sections in which check-boxes are provided, but they are not "check-box" forms and are instead forms containing clearly organized sections in which narrative explanations are provided by the examiner. Here, those sections have been completed by the examiner and copious amounts of detailed treatment notes are contained.  The ALJ ignored those notes when he simply considered the portions containing a check-box format.

While the ALJ correctly stated that this Court has indicated in the past that the fact that an examination was conducted by telephone or video is a factor that the ALJ can consider in determining the persuasiveness of an opinion, it is not a determining factor. More importantly, it is not factor that would absolve the ALJ of his mandated duty to articulate his reasoning as to the supportability and consistency of an opinion.

DISPOSITIVE ORDER - 25

6.    Summary

Because the ALJ did not give good reasons for discounting Dr. Morgan's opinions, a remand is warranted.  On remand, the ALJ is directed to consider the supportability and consistency of Dr. Morgan's opinions with his own reports and with the record as a whole.

**B.    Symptom Reports: Plaintiff established consequential error.**

Plaintiff argues the ALJ failed to properly assess her subjective complaints.  Because the Court found the ALJ erred when evaluating the medical opinions and remanded the case for consideration of the record as a whole, the ALJ will be required to re-consider Plaintiff's subjective complaints on remand.

**C.    Remand for Further Proceedings**

Plaintiff submits a remand for payment of benefits is warranted. The decision whether to remand a case for additional evidence, or simply to award benefits, is within the discretion of the court."[65] When

---

[65] *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

DISPOSITIVE ORDER - 26

the court reverses an ALJ's decision for error, the court "ordinarily must remand to the agency for further proceedings."[66]

The Court finds that further development is necessary for a proper disability determination. Here, it is not clear what, if any, additional limitations are to be added to the RFC, particularly as to her mental health. Therefore, the ALJ should consider whether testimony should be received from a medical expert pertaining to Plaintiff's physical and mental impairments, and then consider any additional evidence presented, and make findings at each of the five steps of the sequential evaluation process.

//

//

//

---

[66] *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke* 379 F.3d at 595 ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

DISPOSITIVE ORDER - 27

## IV.   Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1.   The ALJ's nondisability decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.   The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 8 and 16**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 27th  day of March, 2026.

EDWARD F. SHEA
Senior United States District Judge

DISPOSITIVE ORDER - 28